IN THE COURT OF APPEALS OF TENNESSEE

AT NASHVILLE

**FILED**

**January 21, 1999**

**Cecil W. Crowson**
**Appellate Court Clerk**

| | |
|---|---|
| GERY L. GROSS, | ) C/A NO. 01A01-9803-CV-00140 |
| Plaintiff-Appellant, | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| v. | ) APPEAL AS OF RIGHT FROM THE |
| | ) MONTGOMERY COUNTY CIRCUIT COURT |
| | ) |
| | ) |
| | ) |
| | ) |
| STEVE SCHOENBECK and | ) |
| RITA SCHOENBECK, | ) |
| | ) HONORABLE JAMES E. WALTON, |
| Defendants-Appellees. | ) JUDGE |


For Appellant                          For Appellees

TROY L. BROOKS                         NO APPEARANCE
The Kennedy Law Firm
Clarksville, Tennessee


O P I N I O N


AFFIRMED AND REMANDED                              Susano, J.

This is a landlord-tenant dispute. Following a bench trial, the court below awarded the plaintiff, Gery L. Cross, a judgment for $750 against the defendants, Steve Schoenbeck and Rita Schoenbeck. The plaintiff, being dissatisfied with the amount of the award, appealed. He presents one issue for our review: Does the evidence preponderate against the trial court's award of damages?

I.

The plaintiff rented a house to the defendants in May, 1993. The rental was not reduced to writing. The house was some 20 years old and in need of repairs. During the 46 months that the defendants occupied the premises, the plaintiff performed a minimum amount of work to maintain or improve the condition of the house.

The plaintiff sued to recover for the cost of repairs and maintenance to the rented premises. A real estate appraiser, who was called as a witness for the plaintiff, identified these repairs as the reglazing and repair of the exterior windows; the replacement of broken shutters; the replacement of all carpet and pad; the repainting of the entire interior; the replacement of doors; the replacement of kitchen vinyl; and other items. The appraiser stated that most of these items were in the nature of maintenance.

The plaintiff also seeks to recover rent that he claims is in arrears.

2

The plaintiff contends that the abuse to the interior of the house by the defendants' dogs and the defendants' general lack of upkeep of the property are the causes of the extensive repairs that are now required. The defendants argue that the house was in a state of disrepair when they first occupied it,[1] and that they withheld one month's rent because the hot water heater did not work. The defendants also testified that near the end of their tenancy, they had to nail the doors shut to keep the plaintiff from entering at will, since he had moved into the basement of the house.[2]

Upon appeal from the Montgomery County General Sessions Court, the trial court awarded the plaintiff $450 in back rent; $250 for damage to the carpet; and $50 for repairs to a shower door, for a total judgment of $750. After a motion for additur or new trial was denied by the trial court, the plaintiff filed this appeal.

II.

We review the trial court's findings of fact *de novo* upon the record of the proceedings below. These findings come to us with a presumption of correctness, which we must honor unless the preponderance of the evidence is otherwise. Rule 13(d),

[1]Two witnesses testified on behalf of the defendants regarding the condition of the house around the time that the defendants first occupied the premises.

[2]The plaintiff testified that the basement was not rented to the defendants. He moved into the basement when his girlfriend asked him to move out of her house.

3

T.R.A.P.; *Wright v. City of Knoxville*, 898 S.W.2d 177, 181 (Tenn. 1995); *Catlett v. Chinery*, 952 S.W.2d 433, 434 (Tenn.App. 1997).

After hearing extensive evidence from both sides and viewing photographs of the alleged damage, the trial court found that the defendants had moved into a house that was "liveable," but in need of repairs. It found that the plaintiff had known that the defendants had children and dogs, and thus had to have known that there would be additional wear and tear on the house during the defendants' tenancy. It further found that most of the plaintiff's requested repairs represented normal costs of owning and renting residential property.

Plaintiff argues that tenants have a duty to leave the premises in tenable repair at the expiration of the lease. He refers us to T.C.A. § 66-28-506.[3]

Under the Uniform Residential Landlord and Tenant Act ("URLTA"), codified at T.C.A. § 66-28-101, *et seq.*, both landlords and tenants have duties to maintain property. The plaintiff relies on T.C.A. §66-28-506 to sustain his position that the defendants in this case are liable for all of the

---

[3]T.C.A. § 66-28-506 provides as follows:

> If there is non-compliance by the tenant with § 66-28-401 materially affecting health and safety that can be remedied by repair, replacement of a damaged item or cleaning, and the tenant fails to comply as promptly as conditions require in case of emergency or within fourteen (14) days after written notice by the landlord specifying the breach and requesting that the tenant remedy it within that period of time, the landlord may enter the dwelling unit and cause the work to be done in a workmanlike manner and submit an itemized bill for the actual and reasonable cost or the fair and reasonable value thereof as rent on the next date when periodic rent is due, or if the rental agreement has terminated, for immediate payment.

deficiencies identified by the real estate appraiser. We disagree.

The "underlying purposes and policies" of the URLTA are set forth at T.C.A. § 66-28-103, which provides, in pertinent part, as follows:

> (a) This chapter shall be liberally construed and applied to promote its underlying purposes and policies.
>
> (b) Underlying purposes and policies of this chapter are to:
>
>         \*     \*     \*
>
> (2) Encourage landlord and tenant to maintain and improve the quality of housing;
>
>         \*     \*     \*

However, as we read the provisions regarding general maintenance by the landlord and tenant,[4] the landlord is responsible for making all repairs to "put and keep the premises in a fit and habitable condition." T.C.A. § 66-28-304(a)(2). The evidence at trial does not preponderate against the trial court's finding that the general repairs -- other than $50 for damage to a shower door and $250 for carpet damage -- were the plaintiff's responsibility as landlord.

On the issue of rent, the trial court found from the evidence that one month's rent of $450 was due. Our review of the record persuades us that the evidence does not preponderate against this award.

---

[4]The relevant statutes are T.C.A. § 66-28-304 and T.C.A. § 66-28-401.

5

III.


The judgment of the trial court is affirmed. Costs on appeal are taxed against the appellant. This case is remanded to the trial court for enforcement of the judgment and collection of costs assessed there, all pursuant to applicable law.


_____
Charles D. Susano, Jr., J.


CONCUR:


_____
Houston M. Goddard, P.J.


_____
Herschel P. Franks, J.